## THE HEIRS OF JAMES SEWARD

### v.

## THE STATE OF ILLINOIS.

*Opinion filed December 12, 1890.*

WATERS—*damage caused by construction of dam; when cause of action accrues.* A cause of action for damages sustained by reason of the construction of a dam whereby land is innundated, accrues at the completion of the dam.

James Seward filed his claim in the Auditor's office of the State of Illinois, October 20, 1879, for damages to his land caused by and incident to the construction of a dam near Copperas Creek in the Illinois river by the State of Illinois.

The property by him claimed to be damaged was described as follows:

"The southeast quarter of section 22 contains 160 acres of which 150 acres are damaged by said dam to the extent of $4 per acre."

"And the southeast quarter of the southeast quarter of section 27 containing 40 acres of which 20 acres are damaged to the extent of $5 per acre."

"And the southwest quarter of the northeast quarter of section thirty-four (34) containing forty acres of which forty acres are damaged to the extent of $3 per acre by said dam."

"And the northwest quarter of the northwest quarter of section thirty-five containing forty acres of which fifteen acres are damaged by said dam to the extent of $8 per acre."

"All in township twenty-nine north range three west of the 3d P. M."

The claimant averred in his petition that he was the owner of the land on the 20th of October, 1877, and that

said dam was constructed in that same month. There is no allegation as to the day of the month when said dam was completed or the damages accrued.

Claimant also stated in his petition that his said lands were situated in the bottoms and low lands bordering on the Illinois river, and were subject to inundations from floods in said river. That during the months of May, June, July, August, September and October, in each year said river was usually at or near low water mark at such times said land was left dry and yielded large crops of grass and were of great value for hay and pasture and when under cultivation yielding large crops of corn and other grains. That of the lands claimed to have been damaged, from twenty to forty acres had theretofore been farmed to corn and the remainder had been used for meadow and pasture. That the dam caused the water to rise opposite the land from two to three feet higher than it did before the dam was erected; with other allegations pertaining to the effect the building of the dam was supposed to have upon this land.

The total amount claimed was $1,020.00.

It appears that the said James Seward departed this life intestate and his death having been suggested and sufficiently made known to this Commission the claim now stands in the name of the heirs of the said James Seward without naming them.

The Commission having considered all the evidence in this case finds that the said claim was filed within two years from the time said dam was completed and that the cause of action arose at the completion of said dam and that the same is not therefore barred by the two years statute of limitation relating to claims of this character against the State.

Further considering the testimony in this case the Commission finds that the southeast quarter (S. E. 1/4) of section twenty-two in township 29, north range 3 west of the 3d P. M., embraced in said claim has sustained damage on account of the erection of said dam to the amount of $300.00.

And that as to the southeast quarter of the southeast quarter of section 27 and the southwest quarter of the northeast quarter of section 34 and the northwest quarter of the northwest quarter of section 35 in said township and range no damages were sustained consequent upon the building of said dam.

The land in the southeast quarter of section 22 appears to have had an elevation of a little less than eight feet above the river at its original low water mark. It does not appear that it ever could have been successfully drained, but on account of the building of the dam became more subject to overflow than previous thereto and for that reason less valuable for pasturage.

The other lands appear to have an elevation, those in section 27 of from fifteen to nineteen feet above the river and are springy and boggy. Those lands in section thirty-four were divided by Crow Creek which seems to be higher along its banks than the surface of the land at a distance away on either side so that when the creek overflows the adjacent lands are made wet.

The land in section 35 consists in part of bluff and is springy and a little higher than the lands along Crow creek, the water in Crow creek being some sixteen feet higher than the water in the river. We are not satisfied that these conditions are consequent upon the building of the Copperas Creek dam and therefore reject that part of the claim and award to the heirs of the said James Seward the said sum of $300.00 as and for all damages sustained.